David A. Bahr (D.D.C. Bar #OR0001)
Bahr Law Offices, P.C.
1035 1/2 Monroe Street
Eugene, Oregon 97402
Telephone:  (541) 556-6439
Email:  davebahr@mindspring.com

Emma A. O. Bruden (Oregon State Bar #163525)
 *Pro hac vice application forthcoming*
Kampmeier & Knutsen PLLC
P.O. Box 15099
Portland, Oregon 97293
Telephone:  (503) 719-5641
Email:  emma@kampmeierknutsen.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **WILDEARTH GUARDIANS**, a New Mexico non-profit corporation, 516 Alto Street, Santa Fe, New Mexico 87501,<br><br>                         Plaintiff,<br><br>     v.<br><br>**U.S. DEPARTMENT OF THE INTERIOR**, a department of the United States Executive Branch, 1849 C Street, N.W., Washington, D.C. 20240, and **U.S. BUREAU OF LAND MANAGEMENT**, an agency of the United States Executive Branch, 1849 C Street, N.W., Rm. 5665, Washington, D.C. 20240,<br><br>                         Defendants. | Case No. 1:19-cv-72<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

**INTRODUCTION**

1.     This is an action against the U.S. Department of the Interior ("Interior") and the

U.S. Bureau of Land Management ("BLM") (collectively "Federal Defendants") for violations of

1

the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *as amended*. Under the judicial

review provisions of both the FOIA and, in the alternative, the Administrative Procedure Act

("APA"), 5 U.S.C. §§ 701–706, Plaintiff WildEarth Guardians ("Guardians") seeks relief

regarding three FOIA requests it submitted in January 2018 to BLM's New Mexico State Office,

BLM's Washington Office, and Interior's Office of the Secretary.

2.     The purpose of the FOIA is "to establish a general philosophy of full agency

disclosure unless information is exempted under clearly delineated statutory language." S. Rep.

No. 89-813, 1st Sess., at 3 (1965). The FOIA therefore requires federal agencies to disclose

records in a timely manner to any person upon request unless the information falls within one of

nine narrow disclosure exemptions in the Act. *See* 5 U.S.C. § 552(a)(3)(A), (b).

3.     Federal agencies generally must determine within twenty business days whether

requested records are exempt from withholding and, if they are not, the agency must promptly

disclose the records to the requester. 5 U.S.C. § 552(a)(6)(A)(i); *id.* § 552(a)(3)(A), (a)(6)(C)(i).

If an agency makes an adverse determination on a FOIA request, the requester may appeal that

determination to the agency, which must then make a determination on the administrative appeal,

again within twenty business days of receiving it. *Id.* § 552 (a)(6)(A)(i)(III)(aa), (a)(6)(A)(ii).

4.     Guardians is filing this lawsuit because it has a pressing need for the requested

records and because Federal Defendants have: (1) failed to make and communicate the agency's

final determinations on Guardian's FOIA requests and disclose all non-exempt responsive

records in its possession; and (2) failed to act within applicable deadlines.

5.     Federal Defendants are unlawfully withholding their final determinations, as well

as documents and information sought by Guardians, information to which Guardians is entitled

and for which no valid disclosure exemption applies. Guardians therefore seeks a declaration that

Federal Defendants have violated the FOIA and an order from the court compelling Federal

Defendants to make the required determinations and disclosures by a date certain.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA), 28 U.S.C.

§§ 1331 (federal question), 1346 (United States as defendant), 2201 (declaratory judgment), and

2202 (further relief).

7.     Plaintiff has exhausted any and all administrative remedies in connection with its

FOIA requests, as detailed below.

8.     Venue is properly vested in this Court under 5 U.S.C. § 552(a)(4)(B), which

provides venue in the District of Columbia for all FOIA cases, and under 28 U.S.C. § 1391(e)

because the United States is a defendant and a substantial part of the events or omissions giving

rise to the claims occurred in this judicial district.

## PARTIES

9.     Plaintiff WILDEARTH GUARDIANS is a non-profit conservation organization

organized under Section 501(c)(3) of the Internal Revenue Code, with its principal place of

business in Santa Fe, New Mexico. Guardians is dedicated to protecting and restoring the

wildlife, wild places, wild rivers, and health of the American West. Guardians has offices in

Arizona, Colorado, Idaho, Montana, New Mexico, Oregon, and Washington. With more than

223,576 members and supporters, Guardians works to transition from fossil fuels to clean energy

in order to safeguard the West. The records sought in this action are requested in support of these

efforts.

10.     Guardians works in furtherance of its goals by regularly acquiring information

regarding federal programs and activities through the FOIA. Guardians then compiles and

analyzes that information and, subsequently, disseminates that information to its membership,

the general public, and public officials through various sources including publications, reports, its website, blog, and newsletter, general news media coverage, and public presentations. Guardians' successful efforts at educating the public on issues concerning federal government programs and activities that affect the environment contribute significantly to the public's understanding of governmental operations and activities. Guardians also uses the information that it acquires through FOIA to participate in federal decision-making processes, file administrative appeals and civil actions, and generally ensure that federal agencies comply with federal environmental laws.

11.     Guardians and its members derive benefits from agencies' compliance with the FOIA and from its receipt of public records. Guardians requested the records sought in this action in support of its efforts to transition from fossil fuels to clean energy, and Federal Defendants' failure to comply with the FOIA hinders Guardians' work.

12.     The above-described interests of Guardians and its members have been, are being, and, unless the relief prayed for herein is granted, will continue to be adversely affected by Federal Defendants' disregard of their statutory duties under the FOIA and by the unlawful harm that results. Federal Defendants' failure to fully implement the FOIA injures the interests of Guardians and its members and the relief requested in this lawsuit can redress these injuries. These harms are traceable to Federal Defendants' conduct and would be remedied by the relief sought in this action.

13.     Defendant UNITED STATES DEPARTMENT OF THE INTERIOR is an agency of the executive branch of the United States government subject to the FOIA, pursuant to 5 U.S.C. § 552(f), and, in the alternative, subject to the judicial review provisions of the APA, 5 U.S.C. §§ 701–702. Interior is in possession or control of public records requested and sought

by Guardians.

14.     Defendant UNITED STATES BUREAU OF LAND MANAGEMENT is an

agency within Interior and is subject to the FOIA pursuant to 5 U.S.C. § 552(f) and, in the

alternative, the judicial review provisions of the APA, 5 U.S.C. §§ 701–702. BLM is in

possession or control of public records requested and sought by Guardians.

## STATUTORY BACKGROUND

15.     The purpose of the FOIA is "to open agency action to the light of public

scrutiny." *U.S. DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 772 (1989)

(quoting *Dep't of the Air Force v. Rose*, 425 U.S. 352, 372 (1976)). "Congress believed that this

philosophy, put into practice, would help 'ensure an informed citizenry, vital to the functioning

of a democratic society.'" *U.S. DOJ v. Tax Analysts*, 492 U.S. 136, 142 (1989) (quoting *NLRB v.

Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978)).

16.     To achieve these important goals, the FOIA requires federal agencies to make

records in their possession or control available to the public upon request, unless one of the

FOIA's nine specific exemptions applies. 5 U.S.C. § 552(a), (b)(1)–(9). Additionally, to ensure a

requester receives all requested documents, the FOIA requires agencies to conduct a search that

is reasonably calculated to uncover all records responsive to the request. *Id.* § 552(a)(3)(C)–(D).

17.     The FOIA imposes strict and rigorous deadlines on federal agencies. The FOIA

requires a federal agency that receives a FOIA request to determine whether the requested

records are exempt from disclosure under 5 U.S.C. § 552(b) and to communicate that

determination to the requester within twenty business days. *Id.* § 552(a)(6)(A)(i). If the agency

determines the requested records are exempt from public disclosure, the agency must also

communicate to the requester that they have a right to appeal that determination. *Id.* If the agency

determines the records are not exempt from public disclosure, the agency is required to make the requested records "promptly available" to the requester. *Id.* § 552(a)(3)(A), (a)(6)(C)(i).

18.     Congress set forth the circumstances in which federal agencies may obtain more time to make the determination required by 5 U.S.C. § 552(a)(6)(A)(i). In two very limited circumstances an agency may toll the twenty-day deadline for making that determination. *Id.* § 552(a)(6)(A)(ii). Additionally, an agency may extend the twenty-day deadline for making that determination by providing a written notice to the requester that sets forth the "unusual circumstances" that justify the deadline extension and the date on which the agency expects to make the determination. *Id.* § 552(a)(6)(B)(i).

19.     The statute includes a specific definition of the term "unusual circumstances." *Id.* § 552(a)(6)(B)(iii). When the agency notifies a requester of unusual circumstances and the need for additional time, the agency's written notification "shall provide the person an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *Id.* § 552(a)(6)(B)(ii).

20.     Unless an agency subject to the FOIA establishes a different timeline for disclosing responsive records by providing sufficient written notice of unusual circumstances, the FOIA's mandate to make public records promptly available to a requester requires federal agencies to provide responsive records to a requester within or shortly after the twenty-day timeframe set forth in 5 U.S.C. § 552(a)(6)(A)(i).

21.     If the agency fails to meet the disclosure deadlines established by the FOIA, including the deadline to determine within twenty days whether to respond to the request, the agency may not charge the requester for the costs incurred in searching for or duplicating the

requested documents unless unusual or exceptional circumstances apply. *Id.* § 552(a)(4)(A)(viii).

Even if unusual circumstances apply, the agency may not charge the requester for the costs

incurred in searching for or duplicating the requested documents if the agency fails to comply

with the extended time limit. *Id.* § 552(a)(4)(A)(viii)(II)(aa).

22.     If an agency makes an adverse determination on a FOIA request, the requester

may appeal that determination to the agency, which must then make a determination on the

administrative appeal within twenty days of receiving it. *Id.* § 552(a)(6)(A)(i)(III)(aa),

(a)(6)(A)(ii).

23.     If the agency fails to make a determination on the FOIA request or the

administrative appeal within the deadlines set forth in the FOIA, the requester is "deemed to

have exhausted his administrative remedies . . . ." *Id.* § 552(a)(6)(C)(i).

24.     A U.S. District Court has jurisdiction "to enjoin the agency from withholding

agency records and to order the production of any agency records improperly withheld from the

complainant." 5 U.S.C. § 552(a)(4)(B). If the government can show that "exceptional

circumstances" exist and that the agency is exercising due diligence in responding to the request,

the court may retain jurisdiction and allow the agency additional time to complete its review of

the records. *Id.* § 552(a)(6)(C)(i). Notably, the term "exceptional circumstances" does *not*

include a delay that results from a predictable agency workload of FOIA requests, unless the

agency demonstrates reasonable progress in reducing its backlog of pending requests. *Id.*

§ 552(a)(6)(C)(ii). Refusal by a person to reasonably modify the scope of a request, or to arrange

an alternative time frame for processing a request after being given an opportunity to do so by

the agency, shall be considered as a factor in determining whether exceptional circumstances

exist. *Id.* § 552(a)(6)(C)(iii).

25.     Agency action under the FOIA is also subject to judicial review under the APA. *Or. Natural Desert Ass'n v. Gutierrez*, 409 F. Supp. 2d 1237, 1248 (D. Or. 2006) (violation of the FOIA's decision deadline constitutes agency action that is not in accordance with the law). Under the judicial review provisions of the APA, district courts are authorized to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1). District courts must also set aside any agency action found to be arbitrary, capricious, an abuse of discretion, not in accordance with law, or made without observation of required procedures. *Id.* § 706(2).

## STATEMENT OF FACTS

26.     WildEarth Guardians has requested records relating to the Mancos-Gallup Resource Management Plan and proposed Amendment ("Mancos-Gallup RMPA"). BLM has proposed the Mancos-Gallup RMPA in order to analyze the impacts of oil and gas development and hydraulic fracturing on the Greater Chaco Region, an area of significant cultural resources and home to the Navajo Nation and Pueblo people. The vast majority of the land in the area has already been lease for oil and gas development. Guardians has worked closely with Tribes in the region in order to keep the BLM from sacrificing more land to industrialization and to move our public lands away from fossil fuels. Guardians submitted its FOIA request in order to be fully informed for the draft Mancos-Gallup RMPA comment process. There is a pressing need for the requested records because a draft of the RMPA is currently due out in February 2019.

**BLM New Mexico State Office FOIA Request**

27.     On January 17, 2018, Guardians submitted a FOIA request for public records via electronic mail to the FOIA Coordinator at the New Mexico State Office of the Bureau of Land Management ("BLM New Mexico") in Santa Fe, New Mexico (hereinafter "BLM New Mexico FOIA Request"). The BLM New Mexico FOIA Request sought records from the BLM New Mexico relating to the Mancos-Gallup RMPA that have been created, received, or transmitted by

the BLM New Mexico since January 1, 2017. Guardians sought all such "records" including electronic mail messages, voicemails, text and chat messages, expressions of interest, maps, draft documents, photos and videos, recorded voicemails, GIS data, GPS data, handwritten notes, meeting or phone conversation notes, applications for permits to drill, and reports. Guardians limited its FOIA request by excluding records that are publicly available online on a BLM New Mexico website. The request also included a request for a fee waiver.

28.     By letter dated February 2, 2018 and sent through electronic mail, BLM New Mexico acknowledged receipt of the BLM New Mexico FOIA Request on January 19, 2018. The letter included two reference numbers: FOIA NM 2018-013 and FOIA BLM 2017-00363. In this letter, BLM New Mexico: placed the BLM New Mexico FOIA Request on the "Exceptional" processing track; explained that the BLM New Mexico, the Farmington Field Office, and the contractor for the Mancos-Gallup RMPA were reviewing and compiling responsive records, which will consist of approximately 15,600 documents; and granted Guardians' request for a fee waiver. Additionally, BLM New Mexico stated that it expected to provide Guardians with its first set of records by April 13, 2018, with subsequent sets to follow in 2-month intervals. The agency stated that it anticipated a final response date to be on or before April 19, 2019.

29.     Guardians did not receive any records from BLM New Mexico on April 13, 2018.

30.     By email dated April 27, 2018, BLM New Mexico informed Guardians that the agency was experiencing a delay in the first installment of records responsive to the BLM New Mexico FOIA Request. The agency informed Guardians that it anticipated to have the first installment of records by May 31, 2018.

31.     Guardians did not receive any records from BLM New Mexico on May 31, 2018.

32.     By email dated June 22, 2018, Guardians inquired about the status of the BLM New Mexico FOIA Request.

33.     That same day, BLM New Mexico responded via email that it was checking on the status of the documents but explained it may not have an update until the following week. BLM New Mexico did not provide an update the following week.

34.     Having not heard anything for over a month, by email dated August 3, 2018, Guardians again sought a status update, asking when BLM New Mexico will produce records.

35.     On August 7, 2018, BLM New Mexico called Guardians to discuss the status of the BLM New Mexico FOIA Request.

36.     That same day, BLM New Mexico sent a follow-up email stating that it was having some issues with sorting what constitutes the second installment and that it hoped to get it sorted by the end of the week and something out the following week. BLM New Mexico did not provide an update or records the following week.

37.     Again having not heard anything for over a month, by email dated September 27, 2018, Guardians again sought an update, asking when Guardians will receive records.

38.     On October 17, 2018, BLM New Mexico responded that it left a message to the relevant agency FOIA subject matter expert to determine the next installment date.

39.     As of the date this action was filed, BLM New Mexico has not contacted Guardians since October 17, 2018.

40.     As of the date this action was filed, nearly a year has passed since Guardians submitted the BLM New Mexico FOIA Request.

41.     Guardians has a need for the requested records. Guardians expects to use the records in the upcoming commenting and protest period for the Mancos-Gallup RMPA, which could begin as early as February 2019.

42.     The deadline for BLM New Mexico to issue a final determination to the BLM New Mexico FOIA Request was on or about February 16, 2018.

43.     The deadline for BLM New Mexico to issue the final determination required by 5 U.S.C. § 552(a)(6)(A)(i) for all records subject to the BLM New Mexico FOIA Request has passed. As of the date this action was filed, BLM New Mexico has not provided Guardians with the determinations required by 5 U.S.C. § 552(a)(6)(A)(i) for all records subject to the BLM New Mexico FOIA Request.

44.     As of the date this action was filed, BLM New Mexico had failed to provide Guardians with all non-exempt documents that are responsive to the BLM New Mexico FOIA Request.

45.     As of the date this action was filed, BLM New Mexico had failed to make promptly available to Guardians all non-exempt documents that are responsive to the BLM New Mexico FOIA Request.

46.     BLM New Mexico is currently withholding from Guardians non-exempt documents that are responsive to the BLM New Mexico FOIA Request. None of FOIA's nine exemptions to mandatory disclosure apply to the documents and information BLM New Mexico is currently withholding from Guardians. BLM New Mexico has no legal basis for withholding the records that Guardians sought via the BLM New Mexico FOIA Request.

47.     As of the date this action was filed, BLM New Mexico had constructively denied the BLM New Mexico FOIA Request.

48.     Prior to filing this action, Guardians fully exhausted all administrative remedies required by the FOIA. 5 U.S.C. § 552(a)(6)(A), (a)(6)(C).

49.     Guardians has been required to expend costs and to obtain the services of a law firm to prosecute this action.

50.     The filing of this lawsuit was necessary to compel BLM New Mexico to make the determinations required by 5 U.S.C. § 552(a)(6)(A)(i) for all documents subject to the BLM New Mexico FOIA Request.

51.     The filing of this lawsuit was necessary to compel BLM New Mexico to disclose all non-exempt documents and information that are responsive to the BLM New Mexico FOIA Request.

52.     BLM New Mexico could have made the determinations required by 5 U.S.C. § 552(a)(6)(A)(i) for all records subject to the BLM New Mexico FOIA Request before Guardians filed this lawsuit. BLM New Mexico could have disclosed all records responsive to the BLM New Mexico FOIA request before Guardians filed this lawsuit.

53.     Guardians' claims for relief in this Complaint are not insubstantial. BLM New Mexico's failure to respond to the BLM New Mexico FOIA Request is harming Guardians and may hinder Guardians' ability to effectively engage in the upcoming commenting and protest period for the Mancos-Gallup RMPA.

54.     BLM New Mexico FOIA officers sometimes respond to requesters' follow-up emails and letters by stating that the agency is actively working to respond to a FOIA request when that is not fully accurate.

55.     No exceptional circumstances exist that would allow this Court to allow BLM New Mexico more time to review and disclose requested records. BLM New Mexico has not

exercised due diligence in responding to the BLM New Mexico Request. The delays at issue in this case result from a predictable agency workload of FOIA requests. BLM New Mexico has not made reasonable progress in reducing its backlog of pending requests.

56.     The circumstances surrounding the withholdings raise questions regarding whether BLM New Mexico personnel acted arbitrarily or capriciously with respect to the withholdings at issue in this case.

57.     Based on the nature of Guardians' professional activities, Guardians will continue to employ the FOIA's provisions in information requests to BLM New Mexico in the foreseeable future. Guardians' professional activities will be adversely affected if BLM New Mexico is allowed to continue violating the FOIA's disclosure provisions. Unless enjoined and made subject to a declaration of Guardians' legal rights by this Court, BLM New Mexico will continue to violate the rights of Guardians to receive public records under the FOIA.

**BLM Washington Office FOIA Request**

58.     On January 19, 2018, Guardians submitted a FOIA request for public records via electronic mail to the FOIA Officer at the Washington Office Bureau of Land Management ("BLM National") in Washington, D.C. (hereinafter "BLM National FOIA Request"). The BLM National FOIA Request sought records from the BLM National office relating to the Mancos-Gallup RMPA that have been created, received, or transmitted by the BLM National since January 1, 2017. Guardians sought all such "records" including electronic mail messages, voicemails, text and chat messages, expressions of interest, maps, draft documents, photos and videos, recorded voicemails, GIS data, GPS data, handwritten notes, meeting or phone conversation notes, applications for permits to drill, and reports. Guardians limited its FOIA

request by excluding records that are publicly available online on BLM National's website. The FOIA request also included a request for a fee waiver.

59.     Having not received an acknowledgement letter, by email dated February 22, 2018, Guardians inquired about whether BLM National received the BLM National FOIA Request.

60.     On February 26, 2018, BLM New Mexico responded to that email, which BLM National forwarded, acknowledging that Guardians submitted two requests but noting that the BLM National FOIA Request and the BLM New Mexico FOIA Request appeared to be the same request, with the difference being to whom the request was addressed. BLM New Mexico noted that it acknowledged the BLM New Mexico FOIA Request on February 2, 2018.

61.     That same day, Guardians responded by email, addressing the BLM National FOIA Officer and the BLM New Mexico FOIA Coordinator, clarifying why Guardians sent two separate requests. Guardians explained that its intent was to ensure that each BLM National and BLM New Mexico conduct a search for responsive records in their respective offices. Guardians noted that it was amenable to BLM processing the requests together so long as both offices conducted the relevant searches.

62.     Neither BLM National nor BLM New Mexico responded to Guardians' February 26, 2018 email.

63.     By email dated May 18, 2018, Guardians inquired to BLM National about the status of the BLM National FOIA Request. Guardians noted that BLM National had forwarded the BLM National FOIA Request to BLM New Mexico, but Guardians had clarified that it would like BLM National to conduct a search for the records as well. Guardians stated that it wanted to

ensure BLM National received that clarification and noted that Guardians had not received an acknowledgement from BLM National for the BLM National FOIA Request.

64.     BLM National did not respond to Guardians' May 18, 2018 email.

65.     By email dated June 22, 2018, Guardians again inquired to BLM National about the status of the BLM National FOIA Request, again noting the history, seeking to ensure BLM National received the clarification, and noting that Guardians had not received an acknowledgement from BLM National for the BLM National FOIA Request.

66.     BLM National did not respond to Guardians' June 22, 2018 email.

67.     By email dated December 19, 2018, Guardians again inquired to BLM National about the status of the BLM National FOIA Request, again noting the history, seeking to ensure BLM National received the clarification, and noting that Guardians had not received an acknowledgement from BLM National for the BLM National FOIA Request.

68.     BLM National did not respond to Guardians' December 19, 2018 email.

69.     Guardians sent BLM National several emails since it submitted the BLM National FOIA Request on January 19, 2018, but BLM National has never responded to these emails.

70.     As of the date this action was filed, nearly a year has passed since Guardians submitted the BLM National FOIA Request.

71.     Guardians has a need for the requested records. Guardians expects to use the records in the upcoming commenting and protest period for the Mancos-Gallup RMPA, which could begin as early as February 2019.

72.     BLM National has yet to acknowledge receipt of the BLM National FOIA Request, but appears to have received the request on January 19, 2018.

73.     The deadline for BLM National to issue a final determination to the BLM National FOIA Request was on or about February 16, 2018.

74.     The deadline for BLM National to issue the final determination required by 5 U.S.C. § 552(a)(6)(A)(i) for all records subject to the BLM National FOIA Request has passed. As of the date this action was filed, BLM National has not provided Guardians with the determinations required by 5 U.S.C. § 552(a)(6)(A)(i) for all records subject to the BLM National FOIA Request.

75.     As of the date this action was filed, BLM National had failed to provide Guardians with all non-exempt documents that are responsive to the BLM National FOIA Request.

76.     As of the date this action was filed, BLM National had failed to make promptly available to Guardians all non-exempt documents that are responsive to the BLM National FOIA Request.

77.     BLM National is currently withholding from Guardians non-exempt documents that are responsive to the BLM National FOIA Request. None of FOIA's nine exemptions to mandatory disclosure apply to the documents and information BLM National is currently withholding from Guardians. BLM National has no legal basis for withholding the records that Guardians sought via the BLM National FOIA Request.

78.     As of the date this action was filed, BLM National had constructively denied the BLM National FOIA Request.

79.     Prior to filing this action, Guardians fully exhausted all administrative remedies required by the FOIA. 5 U.S.C. § 552(a)(6)(A), (a)(6)(C).

80.     Guardians has been required to expend costs and to obtain the services of a law firm to prosecute this action.

81.     The filing of this lawsuit was necessary to compel BLM National to make the determinations required by 5 U.S.C. § 552(a)(6)(A)(i) for all documents subject to the BLM National FOIA Request.

82.     The filing of this lawsuit was necessary to compel BLM National to disclose all non-exempt documents and information that are responsive to the BLM National FOIA Request.

83.     BLM National could have made the determinations required by 5 U.S.C. § 552(a)(6)(A)(i) for all records subject to the BLM National FOIA Request before Guardians filed this lawsuit. BLM National could have disclosed all records responsive to the BLM National FOIA request before Guardians filed this lawsuit.

84.     Guardians' claims for relief in this Complaint are not insubstantial. BLM National's failure to respond to the BLM National FOIA Request is harming Guardians and may hinder Guardians' ability to effectively engage in the upcoming commenting and protest period for the Mancos-Gallup RMPA.

85.     No exceptional circumstances exist that would allow this Court to allow BLM National more time to review and disclose requested records. BLM National has not exercised due diligence in responding to the BLM National Request. The delays at issue in this case result from a predictable agency workload of FOIA requests. BLM National has not made reasonable progress in reducing its backlog of pending requests.

86.     The circumstances surrounding the withholdings raise questions regarding whether BLM National personnel acted arbitrarily or capriciously with respect to the withholdings at issue in this case.

87.     Based on the nature of Guardians' professional activities, Guardians will continue to employ the FOIA's provisions in information requests to BLM National in the foreseeable future. Guardians' professional activities will be adversely affected if BLM National is allowed to continue violating the FOIA's disclosure provisions. Unless enjoined and made subject to a declaration of Guardians' legal rights by this Court, BLM National will continue to violate the rights of Guardians to receive public records under the FOIA.

**Office of the Secretary FOIA Request**

88.     On January 19, 2018, Guardians submitted a FOIA request for public records via electronic mail to the FOIA Officer at Department of the Interior's Office of the Secretary ("Office of the Secretary") in Washington, D.C. (hereinafter "Office of the Secretary FOIA Request"). The Office of the Secretary FOIA Request sought records from the Office of the Secretary relating to the Mancos-Gallup RMPA that have been created, received, or transmitted by the Office of the Secretary since January 1, 2017. Guardians sought all such "records" including electronic mail messages, voicemails, text and chat messages, expressions of interest, maps, draft documents, photos and videos, recorded voicemails, GIS data, GPS data, handwritten notes, meeting or phone conversation notes, applications for permits to drill, and reports. Guardians limited its FOIA request by excluding records that are publicly available online on an Interior website. The FOIA request also included a request for a fee waiver.

89.     By letter dated February 21, 2018 and sent through electronic mail, Office of the Secretary acknowledged receipt of the Office of the Secretary FOIA Request on January 19, 2018, and assigned that request reference number OS-2018-00572. In the letter, Office of the Secretary: stated that it was classifying Guardians as an "other-use requester," which entitled Guardians to up to two hours of search time and 100 pages of photocopies before being charged

with processing the FOIA request; explained that it was in the process of determining whether to grant Guardians' request for a fee waiver; stated it was taking a 10-day extension because it would need to search for and collect the requested records from field facilities or other establishments; and placed the request on the "Complex" processing track.

90.     Under the "complex" processing track, agencies take between twenty-one and sixty workdays to process a FOIA request. 43 C.F.R. § 2.15(c)(3). This is less time than the "exceptional/voluminous" processing track, which takes over sixty workdays to process. *Id.* § 2.15(c)(4).

91.     By email dated April 27, 2018, Guardians inquired to the Office of the Secretary about the status of the Office of the Secretary FOIA Request and asked for a date certain by which the agency would release the records.

92.     On May 1, 2018, the Office of the Secretary responded via email and stated that it was still waiting to receive records from a program office and that it could not provide Guardians with a timeline for its FOIA response. The Office of the Secretary also stated that it was working to complete the request as promptly as it could.

93.     Having not heard anything for over three months, by email dated August 3, 2018, Guardians again inquired to the Office of the Secretary about the status of the Office of the Secretary FOIA Request and asked for a date certain by which the agency would release the records.

94.     On August 6, 2018, the Office of the Secretary responded via email and stated that it was still waiting to receive records from a program office and that it could not provide Guardians with a timeline for its FOIA response. The Office of the Secretary again stated that it was working to complete the request as promptly as it could.

95.     By email dated September 27, 2018, Guardians again inquired to the Office of the Secretary about the status of the Office of the Secretary FOIA Request and asked for a date certain by which the agency would release the records.

96.     On October 1, 2018, the Office of the Secretary responded via email and stated that it was still waiting to receive records from the program offices and that it could not provide Guardians with a timeline for its FOIA response. The Office of the Secretary again stated that it was working to complete the request as promptly as it could.

97.     As of the date this action was filed, nearly a year has passed since Guardians submitted the Office of the Secretary FOIA Request.

98.     Guardians has a need for the requested records. Guardians expects to use the records in the upcoming commenting and protest period for the Mancos-Gallup RMPA, which could begin as early as February 2019.

99.     The deadline for the Office of the Secretary to issue a final determination to the Office of the Secretary FOIA Request was on or about February 16, 2018.

100.    The deadline for the Office of the Secretary to issue the final determination required by 5 U.S.C. § 552(a)(6)(A)(i) for all records subject to the Office of the Secretary FOIA Request has passed. As of the date this action was filed, the Office of the Secretary has not provided Guardians with the determinations required by 5 U.S.C. § 552(a)(6)(A)(i) for all records subject to the Office of the Secretary FOIA Request.

101.    As of the date this action was filed, the Office of the Secretary had failed to provide Guardians with all non-exempt documents that are responsive to the Office of the Secretary FOIA Request.

102.     As of the date this action was filed, the Office of the Secretary had failed to make promptly available to Guardians all non-exempt documents that are responsive to the Office of the Secretary FOIA Request.

103.     The Office of the Secretary is currently withholding from Guardians non-exempt documents that are responsive to the Office of the Secretary FOIA Request. None of FOIA's nine exemptions to mandatory disclosure apply to the documents and information the Office of the Secretary is currently withholding from Guardians. The Office of the Secretary has no legal basis for withholding the records that Guardians sought via the Office of the Secretary FOIA Request.

104.     As of the date this action was filed, the Office of the Secretary had constructively denied the Office of the Secretary FOIA Request.

105.     Prior to filing this action, Guardians fully exhausted all administrative remedies required by the FOIA. 5 U.S.C. § 552(a)(6)(A), (a)(6)(C).

106.     Guardians has been required to expend costs and to obtain the services of a law firm to prosecute this action.

107.     The filing of this lawsuit was necessary to compel the Office of the Secretary to make the determinations required by 5 U.S.C. § 552(a)(6)(A)(i) for all documents subject to the Office of the Secretary FOIA Request.

108.     The filing of this lawsuit was necessary to compel the Office of the Secretary to disclose all non-exempt documents and information that are responsive to the Office of the Secretary FOIA Request.

109.     The Office of the Secretary could have made the determinations required by 5 U.S.C. § 552(a)(6)(A)(i) for all records subject to the Office of the Secretary FOIA Request

before Guardians filed this lawsuit. The Office of the Secretary could have disclosed all records responsive to the Office of the Secretary FOIA request before Guardians filed this lawsuit.

110.    Guardians' claims for relief in this Complaint are not insubstantial. the Office of the Secretary's failure to respond to the Office of the Secretary FOIA Request is harming Guardians and may hinder Guardians' ability to effectively engage in the upcoming commenting and protest period for the Mancos-Gallup RMPA.

111.    The Office of the Secretary FOIA officers sometimes respond to requesters' follow-up emails and letters by stating that the agency is actively working to respond to a FOIA request when that is not fully accurate.

112.    No exceptional circumstances exist that would allow this Court to allow the Office of the Secretary more time to review and disclose requested records. The Office of the Secretary has not exercised due diligence in responding to the Office of the Secretary Request. The delays at issue in this case result from a predictable agency workload of FOIA requests. The Office of the Secretary has not made reasonable progress in reducing its backlog of pending requests.

113.    The circumstances surrounding the withholdings raise questions regarding whether the Office of the Secretary personnel acted arbitrarily or capriciously with respect to the withholdings at issue in this case.

114.    Based on the nature of Guardians' professional activities, Guardians will continue to employ the FOIA's provisions in information requests to the Office of the Secretary in the foreseeable future. Guardians' professional activities will be adversely affected if the Office of the Secretary is allowed to continue violating the FOIA's disclosure provisions. Unless enjoined and made subject to a declaration of Guardians' legal rights by this Court, the Office of the

Secretary will continue to violate the rights of Guardians to receive public records under the

FOIA.

## CAUSES OF ACTION

### CLAIM 1

VIOLATIONS OF THE FREEDOM OF INFORMATION ACT IN RESPONDING TO
GUARDIANS' FOIA REQUESTS:
VIOLATIONS OF THE DECISION DEADLINES IN THE FOIA

115.    Guardians hereby incorporates by reference the allegations in the preceding

paragraphs.

116.    Guardians has a statutory right to have Federal Defendants process the BLM New

Mexico, BLM National, and Office of the Secretary FOIA requests in a manner that complies

with the FOIA. Federal Defendants violated Guardians' rights in this regard when Federal

Defendants unlawfully delayed their responses to the FOIA Requests at issue beyond the

deadlines imposed by the FOIA.

117.    Federal Defendants violated and are violating the FOIA by failing to make the

decisions to disclose or withhold documents and information subject to the FOIA requests at

issue by the deadline set forth in 5 U.S.C. § 552(a)(6)(A)(i).

118.    Federal Defendants violated and are violating the FOIA by failing to make the

records subject to the FOIA Requests at issue promptly available to Guardians.

119.    Each and every allegation in this claim is a separate violation of the FOIA for

which this Court can provide relief to Guardians under the FOIA.

120.    Federal Defendants' violations of the FOIA with respect to their responses to the

FOIA Requests at issue entitle Guardians to an award of reasonable attorneys' fees and other

litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E).

CLAIM 2

VIOLATIONS OF THE FREEDOM OF INFORMATION ACT:<br>UNLAWFUL CONSTRUCTIVE DENIAL/UNLAWFUL WITHHOLDING<br>REGARDING GUARDIANS' FOIA REQUESTS

121.     Guardians hereby incorporates by reference the allegations in the preceding paragraphs.

122.     Guardians has a statutory right to the records it seeks. There is no legal basis for Federal Defendants to assert that any of the FOIA's nine disclosure exemptions apply to the records Federal Defendants have that are responsive to the BLM New Mexico FOIA, BLM National, and Office of the Secretary FOIA Requests.

123.     Federal Defendants have violated and are violating Guardians' rights by unlawfully withholding non-exempt documents and information responsive to the FOIA Requests at issue. Federal Defendants' actions in response to the FOIA Requests at issue constitute constructive and unlawful denials of the FOIA Requests.

124.     Federal Defendants' violations of the FOIA with respect to their responses to the FOIA Requests entitle Guardians to an award of reasonable attorneys' fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E).

CLAIM 3

**(In the alternative to Claims 1 and 2)**

VIOLATIONS OF THE ADMINISTRATIVE PROCEDURE ACT:<br>FAILURE TO COMPLY WITH THE FOIA IN RESPONDING TO<br>GUARDIANS' FOIA REQUESTS

125.     Guardians hereby incorporates by reference the allegations in the preceding paragraphs.

126.     Federal Defendants violated the FOIA by, at a minimum by failing to make the

determinations for all documents and information subject to the BLM New Mexico, BLM

National, and Office of the Secretary FOIA requests as required by 5 U.S.C. § 552(a)(6)(A)(i).

127.    Each and every allegation in this claim three is a separate violation of the FOIA

for which this Court can provide relief to Guardians under the APA. Making the determinations

required by 5 U.S.C. § 552(a)(6)(A)(i) for all documents and information subject to the BLM

New Mexico, BLM National, and Office of the Secretary FOIA requests are final agency actions

unlawfully withheld or unreasonably delayed that this Court can compel under the APA,

5 U.S.C. § 706(1).

128.    Alternatively, Federal Defendants' decisions not to make the determinations

required by 5 U.S.C. § 552(a)(6)(A)(i)  are final agency actions that are arbitrary, capricious, an

abuse of discretion, not based on substantial evidence in the record, not in accordance with the

law, or otherwise in violation of the APA, 5 U.S.C. § 706(2), because among other things those

actions do not comply with the FOIA or Federal Defendants' regulations or policies.

129.    Guardians is entitled to relief under the APA and to costs of litigation and

reasonable attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

## PRAYER FOR RELIEF

WHEREFORE, Guardians respectfully requests that the Court:

A.    Adjudge and declare that Federal Defendants have violated the FOIA, or in the

alternative, the APA, for the reasons set forth above;

B.    Order BLM to comply immediately with the FOIA by providing Guardians with

the required determinations and all non-exempt public records subject to the BLM New Mexico

FOIA Request and the BLM National FOIA Request;

C.    Order Interior to comply immediately with the FOIA by providing Guardians with

the required determinations and all non-exempt public records subject to the Office of the

Secretary FOIA Request;

D.      Declare that Guardians is the prevailing party and/or substantially prevailing party in this matter; that the position of Federal Defendants in this action was not substantially justified; and that there are no special circumstances that make an award of costs and reasonable attorneys' fees to Guardians unjust;

E.      Award Guardians its reasonable attorneys' fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E) and/or award Guardians its reasonable fees, expenses, costs, and disbursements, including attorneys' fees associated with this litigation, under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

F.      Grant Guardians such additional relief as the Court may deem just and proper.

DATED this 11th day of January 2019.

Respectfully submitted,

 /s/ David Bahr_____
DAVID BAHR (D.D.C. Bar #OR0001)
Bahr Law Offices, P.C.
1035 ½ Monroe Street
Eugene, Oregon 97402
Tel: (541) 556-6439
davebahr@mindspring.com

Emma A. O. Bruden (Oregon State Bar #163525)
***Pro hac vice* application forthcoming**
Kampmeier & Knutsen PLLC
P.O. Box 15099
Portland, Oregon 97293
Tel: (503) 719-5641
emma@kampmeierknutsen.com

*Attorneys for Plaintiff*